UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allan Neumann,

       Plaintiff,

v.                                                             Civil No. 08-494 (JNE/RLE)
                                                            ORDER

Minnesota Laborers Health and Welfare Fund,

       Defendant.

After the Minnesota Laborers Health and Welfare Fund (Fund) terminated his coverage and denied his claim for disability benefits, Allan Neumann brought this action against the Fund under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (2006), seeking accrued and on-going disability benefits. The case is before the Court on the Fund's motion for summary judgment and for attorney fees and costs. For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

*The Fund's Motion for Summary Judgment*

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the nonmovant must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is

1

appropriate, a court must look at the record and draw any inferences in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Counsel for Neumann filed a letter stating that Neumann does not oppose the Fund's motion for summary judgment and is "agreeable" to dismissal of this lawsuit. The Court has reviewed the record and concludes that summary judgment dismissing Neumann's claim for disability benefits is appropriate.

### *Attorney Fees and Costs*

The Fund also seeks attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) (2006), which provides:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Neumann opposed an award of attorney fees and costs in his letter to the Court.

Whether to award attorney fees is within the Court's discretion. *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 969 (8th Cir. 2002). The Court considers the following factors in deciding whether to award attorney fees:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 969 n.4. The Court uses these factors and other relevant considerations as general guidelines for determining when a fee is appropriate. *Id.* at 972.

This litigation does not resolve a significant question regarding ERISA. The Fund argues that an award of attorney fees and costs would benefit all participants of the Fund because they would not have to pay the costs associated in defending this lawsuit. The same may be said in

any case involving a denial of ERISA benefits. *See Costley v. Thibodeau, Johnson & Feriancek, PLLP*, 259 F. Supp. 2d 817, 838 (D. Minn. 2003). In light of Neumann's on-going disability and his agreement to dismiss his lawsuit at a relatively early stage in the proceedings, the Court concludes that an award of attorney fees and costs is not warranted.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Fund's motion for summary judgment and attorney fees and costs [Docket No. 33] is GRANTED as to summary judgment on Neumann's claim.

2. The Fund's motion for summary judgment and attorney fees and costs [Docket No. 33] is DENIED as to attorney fees and costs.

3. Plaintiff's Amended Complaint [Docket No. 24] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 30, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge